## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION

**CIVIL ACTION NO. 3:16-cv-00253-JHM**

**STATE FARM MUTUAL**                                                      **PLAINTIFFS**
**AUTOMOBILE INSURANCE**
**CO. and KRISTEN CRUMPTON**

**v.**

**DAVID G. VANHOET, et al**                                               **DEFENDANT**

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant/Cross-Claimant/Third Party Plaintiff Todd A. Schureck's Motion to Remand.  [DN 11].  Fully briefed, this matter is ripe for decision.  For the reasons stated below, the Motion to Remand is **DENIED**.

### I. BACKGROUND

This matter arises out of a three-vehicle automobile accident.  On March 2, 2014, a vehicle driven by Defendant/Cross-Claim Defendant David G. Vanhoet collided with another vehicle drive by Schureck.  Schureck's car subsequently collided with a vehicle belonging to Plaintiff Kristen Crumpton.  Crumpton was insured by Plaintiff State Farm Mutual Automobile Insurance Co. (hereinafter "State Farm") at the time of the accident.  On February 11, 2016, State Farm and Crumpton initiated an action in Jefferson Circuit Court, naming both Schureck and Vanhoet as defendants and seeking to recover the costs State Farm incurred as a result of the Defendants' alleged negligence.  [DN 1-3].  On February 25, 2016, Schureck filed a cross-claim against Vanhoet, as well as a third party claim against Third Party Defendants Ford Motor Company, American Road Services Company, and Ford Motor Service Company (collectively

hereinafter "the Ford defendants"), on the basis that Vanhoet was acting within the scope of his employment with Ford at the time of the collision.  [DN 1-4].

On March 17, 2016, State Farm and Crumpton tendered to the Jefferson Circuit Court a "Partial Voluntary Order of Dismissal," stating that all claims made by State Farm and Crumpton against Vanhoet and Schureck had been resolved and were to be voluntarily dismissed, removing State Farm and Crumpton from the action.  This order was entered by the Jefferson Circuit Court on March 31, 2016.  [DN 1-5].  Subsequently, Vanhoet filed a notice of removal with this Court on May 2, 2016, pleading that this Court possessed diversity of citizenship jurisdiction under 28 U.S.C. § 1332(a) and that the Ford defendants consented to removal.  [DN 1].  Schureck moved this Court to remand the case to state court [DN 11], and Vanhoet and the Ford defendants filed a response to this motion.  [DN 12].

## II. DISCUSSION

Any civil action brought in state court over which a federal district court would have subject matter jurisdiction may be removed by the defendant or defendants to the district court embracing the place where the action is pending.  28 U.S.C. § 1441(a).  However, removal must comply with the procedural requirements of § 1446, which includes the following:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . If the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . .

28 U.S.C. § 1446(b). The Sixth Circuit has held that the "strict time requirement for removal in civil cases is not jurisdictional; rather, it is a strictly applied rule of procedure and untimeliness is

a ground for remand so long as the timeliness defect has not been waived." *Seaton v. Jabe*, 992 F.2d 79, 81 (6th Cir. 1993) (citations omitted).

In his notice of removal, Vanhoet states that this case is removable on the basis of this Court's diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332(a). Vanhoet states that Schureck, the only remaining plaintiff in the case following the dismissal of the claims by State Farm and Crumpton, is a citizen of Kentucky, while Vanhoet and the Ford defendants are citizens of either Michigan or Delaware.[1]  [DN 1, at 3].   However, in his motion to remand, Schureck argues that Vanhoet failed to file his notice of removal within the thirty day requirement of § 1446(b). Schureck argues that Vanhoet should have filed his notice of removal on April 7, 2016, thirty days after the Ford defendants received a copy of the third party complaint, or at the very latest, on April 28, 2016, thirty days after receiving a demand letter indicating the amount in controversy exceeded $75,000. Vanhoet and the Ford defendants argue that the notice of removal was timely, as it was filed on May 2, 2016, thirty days after State Farm and Crumpton were dismissed from the case on March 31, 2016.[2]   Thus, the Court must determine the date upon which the case became removable.

For cases where a federal district court would have subject matter jurisdiction from its inception, the defendant must remove the case within thirty days of receiving the initial pleading. 28 U.S.C. § 1446(b)(1). However, § 1446(b)(3) specifically states that a case that is not initially

---

[1] Neither party has contested whether the amount in controversy exceeds $75,000, as is required for this Court to have subject matter jurisdiction over the case. The Court is satisfied that this requirement has been met through Schureck's formal demand of $644,538.81 in settlement discussions on March 30, 2016. [DN 11-6].

[2] Notably, the May 2 date is thirty-two days after the order of the Jefferson Circuit Court dismissing the claims made by State Farm and Crumpton was entered. However, May 2 was the first regular business day following the actual thirtieth day, April 30, which fell on a Saturday. No party has argued that May 2 would not be the date used in determining the last day Vanhoet and the Ford defendants could file their notice of removal, and this Court joins the number of other courts who have found that the timing rules of Rule 6 of the Federal Rules of Civil Procedure apply to calculations of time under 28 U.S.C. §§ 1441 and 1446. *E.g. Wells v. Gateways Hosp. & Mental Health Ctr.*, 76 F.3d 390, at *1 (Table) (9th Cir. 1996) (removal was timely on the thirty-first day as the thirtieth day was a weekend); *McKinney v. Bd. Of Trs. Of Md. Cmty. College*, 955 F.2d 924, 925 n. 2 (4th Cir. 1992) (same); *Froelich v. CACH, LLC*, 289 F.R.D. 454 (S.D. Ohio Mar. 13, 2013) (same).

removable but later becomes removable must be removed within thirty days "from which it may first be ascertained that the case is one which is or has become removable." The statutes governing removal "are strictly construed so that § 1446(b) commences the thirty-day period from the date a defendant has solid and unambiguous information that a case is removable." *Mozee v. Dugger*, 616 F. Supp. 2d 672, 673 (W.D. Ky. 2009). In the case of removal on the basis of diversity, this date would be thirty days from when the defendants can ascertain that complete diversity exists and the claim is in excess of $75,000.

In this case, this Court's subject matter jurisdiction did not become apparent until March 31, 2016, the date the Jefferson Circuit Court entered its order dismissing the claims by State Farm and Crumpton. Until that date, a non-diverse party remained in the case, as Crumpton was a citizen of Kentucky, and the case could not have been removed to this Court. *See Noyes v. Universal Underwriters Ins. Co.*, 3 F. Supp. 3d 1356, 1363 (M.D. Fla. 2014) *vacated on reconsideration on other grounds* 2014 WL 2111695 ("A case becomes removable once the non-diverse [party] is formally dismissed from the case . . . [with] an order dismissing [the non-diverse party] with prejudice"). Vanhoet filed his notice of removal within thirty days of this case becoming removable. Thus, he has complied with the requirements of § 1446(b)(3).

Schureck argues that the notice of removal was untimely, as it should have been filed thirty days after Schureck and the Ford defendants received notice of the cross claim and third party action against each of them on March 8, 2016. However, Schureck's argument focuses solely on § 1446(b)(1), which pertains to the time for removal generally, rather than on § 1446(b)(3), which details the time for removal when a case becomes removable subsequent to the filing of the initial pleading, as was the case in this action. Thus, the date upon which

Vanhoet and the Ford defendants were served with the initial pleadings is irrelevant, as the case did not become removable until Crumpton was dismissed on March 31, 2016.

### III. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Schureck's Motion to Remand is **DENIED**.

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

October 5, 2016

cc: counsel of record